# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

## No. 26-1665

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

GREGG AMORE, in his official capacity as Secretary of State of Rhode Island;

Defendant-Appellee

COMMON CAUSE, et al.

Defendants-Intervenors-Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

## SECRETARY OF STATE GREGG AMORE'S OPPOSITON TO THE UNITED STATES' MOTION TO CONSOLIDATE APPEALS

The Plaintiff-Appellant United States, through its Department of Justice (DOJ), moves to consolidate this appeal with two appeals pending from decisions issued by the District Court of Massachusetts in *United States v. Galvin*, No. 26-1657, and the District Court of Maine in *United States v. Bellows*, No. 26-1676. Consolidation should be denied because the three appeals comprise different cases that DOJ brought in different venues, against different sovereign states, on different factual and legal theories, and each appeal arises from different rulings and reasoning

issued by three different judges.  Merely that some of the underlying legal issues involve some of the same statutes does not warrant consolidation.  Instead, in the interests of judicial efficiency, the Court may elect to assign all three appeals to the same panel and schedule back-to-back arguments to be heard the same day.  For this and the other reasons discussed below, DOJ's motion to consolidate the three pending appeals should be denied.

## ARGUMENT

Although the Court has discretion to consolidate appeals when it is "appropriate and in the interests of justice" to do so, that discretion should not be exercised here.  *United States v. Washington*, 573 F.2d 1121, 1123 (9th Cir. 1978); *see also* Fed. R. App. P. 3(b)(2) ("when the parties have filed separate timely notices of appeal, the appeals *may* be joined or consolidated by the court of appeals") (emphasis added).  DOJ elected to file the underlying actions in three different venues against three separate sovereign states.  The claims in the three cases varied; in Rhode Island, for instance, DOJ proceeded only on a claim under Title III of the Civil Rights Act, while in Maine it pursued additional statutory claims.  *Compare United States v. Amore*, No. 25-00639-MSM, 2026 WL 1040367, at \*3 (D.R.I. Apr. 17, 2026) *with United States v. Bellows,* No. 1:25-00468-LEW, 2026 WL 1430481, at \*3 (D. Me. May 21, 2026).  Different public interest groups intervened in the cases and are now parties to the pending appeals.  *See id.*

2

Although it is true that all three appeals generally relate to DOJ's parallel demands on the states to produce unredacted copies of each state's registered voter list, the statute on which DOJ relied requires a "statement of the basis and the purpose" for the demand. 52 U.S.C. § 20703. The demand letters that DOJ served varied from state to state, with some of its demands being made in the context of broader requests for information that DOJ served on the individual state. *See Bellows,* 2026 WL 1430481, at *2; *Amore*, 2026 WL 1040367, at *2; *United States v. Galvin,* No. 25-13816-LTS, 2026 WL 972129, at *2 (D. Mass. Apr. 9, 2026). Furthermore, the record relating to each state's challenged general programs for voter list maintenance also necessarily varied from state to state because the statutes at issue leave those matters to the discretion of each individual state. *See* 52 U.S.C. § 21085. And, although all three district courts rejected DOJ's demands, the reasoning each court followed was substantively different, resulting in DOJ filing three separate notices of appeal from those decisions. *Compare Galvin,* 2026 WL 972129, at **3-4 (holding that demand was invalid because DOJ failed to state a factual basis as required by Title III); *Amore*, 2026 WL 1040367, at **5-6 (holding that demand was invalid because DOJ failed to state a factual basis under Title III, and because the stated purpose of ensuring compliance with the NVRA and HAVA does not plausibly relate to individual voting rights as required by Title III); and *Bellows,* 2026 WL 1430481, at *7 (holding Title III records provision does not

3

pertain to a voter registration list "because it is not a record that comes into the possession of state officials" under the statute, and finding the demand's stated purpose insufficient because Title III does not authorize broader disclosures than those awarded by the NVRA and HAVA).

Under these circumstances, the interests of justice do not weigh in favor of consolidation.[1] Any potential common issues of statutory interpretation relating to DOJ's parallel demands on the three states should be addressed in the particular context in which those demands were made and decided.[2] Consolidation is not required for this Court to ensure consistency of decision-making or to promote

---

[1] The Ninth Circuit denied DOJ's motions to consolidate appeals from district court decisions dismissing similar actions filed against Oregon and California. Mot. at 4. Although acknowledging this, DOJ speculates that the Ninth Circuit may have been inclined to reconsider that ruling at oral argument. The audio recording on which DOJ relies, however, demonstrates no such thing. The relevant exchange was simply as follows:

> *Court:* Well, let me ask one question, the government had previously moved to consolidate this case with the California case, do you oppose our panel consolidating or not?
> *Counsel for Oregon:* We view that completely within the court's discretion your honor.

Oral Argument 30:55-31:10, available at https://www.ca9.uscourts.gov/cases/ streams-videos/archive?case=26-1231&hearingDate=2026-05-19 (last visited June 22, 2026).

[2] If it truly believes the issues are the same, nothing prevents DOJ from filing the same brief in all three appeals. The Secretary, however, will focus his brief on the particular facts and arguments most relevant to Rhode Island and its registered voters.

efficiency. The Court may instead elect to assign the three appeals to a single panel and, if the panel deems it advisable, schedule the three appeals to be heard consecutively on the same day. This approach would best serve the interests of justice.

## CONCLUSION

For all of these reasons, DOJ's motion to consolidate this appeal with two other pending appeals should be denied.

Respectfully submitted,

SECRETARY OF STATE
GREGG M. AMORE

By his counsel,
PETER F. NERONHA
ATTORNEY GENERAL

*/s/ James J. Arguin*
James J. Arguin (#39225)
Special Assistant Attorney General
R.I. Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400 x2078
Facsimile: (401) 222-3016
jarguin@riag.ri.gov

Dated: June 24, 2026

5

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, hereby certify that the foregoing opposition complies with the length limits set forth in Fed. R. App. P. 27(d)(2), because this document contains 924 words excluding the items exempted by Fed. R. App. P. 32(f). Additionally, the foregoing opposition's type size and typeface comply with Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ James J. Arguin*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have filed the foregoing opposition with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the CM/ECF System. I further certify that all participants in this appeal are registered CM/ECF uses and that this document is available for viewing and downloading on this 24th day of June 2026.

*/s/ James J. Arguin*